GEORGE T. BANCROFT *vs.* JOHN W. P. ABBOTT.

The voluntary payment of money for another furnishes no ground of action against him;
and a payment by a surety, made with knowledge of the facts, though under the mis-
taken belief that he was bound to make it, is voluntary.

At the time of the execution of a deed of warranty of land, and as a part of the same
transaction, a third person executed and delivered to the grantee a bond, reciting the
deed and providing that if the grantor therein should "fulfil the terms of his covenants"
therein, and "pay and discharge any and all claims which any and all persons shall
have" upon the land conveyed, "so that the title in said premises shall ever be perfect"
in the grantee, and the grantee "shall be kept harmless and indemnified from all ex-
penses in defending said title," then the bond should be void, but otherwise in force.
*Held,* that the bond was only collateral security for the performance by the grantor of the
covenants in the deed, and did not bind the obligor to pay expenses incurred by the
grantee in defending his title against a groundless claim.

APPEAL from the decision of commissioners on the insolvent
estate of George Thatcher, deceased, disallowing a claim for
money paid on a bond executed by the plaintiff, by the request
and for the benefit of Thatcher, to Walter Fessenden, the con-
dition of which was as follows: " The condition of this obliga-
tion is such that whereas George Thatcher, of Westford in said
county, has this day conveyed by his warranty deed to said Fes-
senden a certain piece of land situate in the town of Mason,
in the county of Hillsborough and the State of New Hampshire,
which said land is particularly described in said deed, and also
in the deed of the premises by George C. Shattuck to said
Thatcher, dated March 2d 1855, to which deed reference may
be had for greater certainty, now, if the said Thatcher shall
forever fulfil the terms of his covenants in said deed by him
made, and shall pay and discharge any and all claims which

any person or persons shall have upon said conveyed premises, so that the title in said premises given by said deed of said Thatcher shall ever be perfect in said Fessenden, and the said Fessenden shall be kept harmless and indemnified from all expenses in defending said title to said premises, then the above obligation to be void; or else it shall be and remain in full force and virtue."

At the trial in the superior court, before *Putnam*, J., it appeared that Thatcher executed and delivered to Fessenden a deed of warranty of the land referred to, with covenants in the usual form, to warrant and defend the premises against the lawful claims and demands of all persons; that the bond was executed, and delivered to him at the same time with the deed, and as a part of the same transaction; that prior to the purchase of the land, Fessenden had heard that there was some doubt as to the title, and did not consider Thatcher as responsible, and required further security, and the bond was accordingly given. It also appeared that, after taking the deed, Fessenden was sued by Samuel Farrar in two actions in New Hampshire, one of which was a writ of entry to recover possession of the premises, and the other an action for trespass upon the same; that he notified Thatcher thereof, and requested him to take upon himself the defence of the actions, which Thatcher did not do, and Fessenden defended them, and judgment was rendered in his favor, (see 39 N. H. 268,) and the expenses of defending the actions amounted to $930.93, which sum had been paid to him by Bancroft on the bond. There being no dispute as to the facts, and no question that the sum paid was reasonable in amount, the judge ruled that the plaintiff was entitled to recover the whole amount of his claim, and the jury returned a verdict accordingly. The defendant alleged exceptions.

*D. S. Richardson & S. A. Brown*, for the defendant.

*T. H. Sweetser & F. A. Worcester*, for the plaintiff, cited *Saco* v. *Osgood*, 5 Greenl. 237; *Boynton* v. *Dalrymple*, 16 Pick. 147.

BIGELOW, C. J. The right of the plaintiff to recover in this suit depends on the question whether he was legally bound by

the terms of his bond to Fessenden to pay the costs and ex-penses incurred by the latter in defending the two actions in which the title to the estate conveyed by the intestate to Fessenden had been tried without successfully impeaching its validity. A voluntary payment by the plaintiff, although made under a mistake or misapprehension as to his legal liability, would constitute no debt against the estate of the intestate. Such debt can arise only from a payment of money in accordance with the written contract into which the plaintiff entered at the request of and as surety for the deceased.

What then is the true interpretation of the conditions of the bond ? This is to be determined, not solely by looking at the words by which the agreement is manifested. These would often greatly mislead in the construction of contracts. The rule, that the written language is to govern to the exclusion of all extrinsic and parol evidence, is always to be taken with the qualification that, in construing deeds or other instruments, the subject matter to which they relate and the circumstances under which they were made are to be taken into consideration, in order to arrive at the true import and meaning of the terms in which the parties have expressed their intention. Construing the words of the bond in the present case in a sense corresponding with the nature of the agreement and in the light of the transaction which took place contemporaneously with its execution and delivery, we are of opinion that it was intended only as an additional or collateral security to the grantee for the performance by the grantor of the covenants contained in the deed. The parties did not contemplate that any unusual or extraordinary stipulations should accompany the conveyance. None were entered into as part of the contract of purchase and sale. The object of the grantee was to make it certain that in case of a breach of the covenants of seisin and warranty in his deed, he should be able to look to some person on whose solvency and ability to respond in damages for a breach of these cove-nants he could place more reliance than upon his grantor. Such is the natural and reasonable inference to be deduced from the fact that the bond was executed and delivered at the same time

with the deed and as part of the same transaction. And it is confirmed by the evidence introduced by the plaintiff himself, from which it appears that the grantee declined to purchase the land unless he could have other security for the title than that of the grantor. On recurring to the words of the condition of the bond, it will be found that there is nothing inconsistent with this view of the object of the agreement, as derived from its subject matter and the circumstances under which it was entered into by the parties. By a fair construction, it is clear that its stipulations were coextensive only with the covenants in the deed. The agreement is not absolute and unconditional that the obligor shall indemnify and keep harmless the grantee from all expenses in defending his title to the premises. If such had been the agreement, the plaintiff's case would have rested upon a very strong foundation. But the stipulation is only that the grantor shall fulfil his covenants and pay and discharge all claims which any person or persons shall have on the premises, so that the grantee shall be indemnified and saved harmless from all expenses in defending the title. This clearly means that the indemnity for costs is to be the result or a consequence of a breach of the covenants in the deed, and the establishment of a well founded and lawful claim on the estate by a third person. The clear intent of the parties was, that the grantee was to be kept harmless only from the failure of the grantor to fulfil his covenants in the deed, and to pay all lawful claims which any persons might have on the estate. It would be giving a very broad construction to the language of the instrument to hold that it imposed on the obligor a liability to pay the expenses and costs of any and every suit, however groundless, which might be brought against the grantee at any time subsequently to the deed, in which the title to the premises might be drawn in question. The grantor by his covenants in the deed assumed no such obligation. He stipulated only to defend against the lawful claims of all persons. It would seem to follow that the obligor in the bond, who stood in the position of a surety for the grantor, took on himself the same, but no greater or more enlarged liability. To lead to the conclusion

that the grantees intended to enter into a stipulation so unusual as that for which the plaintiff contends, the language ought to be clear and unambiguous, so as to leave no room for any other interpretation. The result is, therefore, that there having been no breach of the covenants in the deed, no breach of the bond is shown.                                           *Exceptions sustained.*